Charles N. Smith, Appellant, *v.* John Kiniry, Respondent.

*Action to recover for the keeping of a horse — when judgment for the plaintiff therein is proper.*

Where it is shown upon the trial of an action brought to recover for the care and keeping of a horse, that the defendant took the horse to and left it at the plaintiff's stable, and that the plaintiff furnished board and attendance and medical care for it, such evidence standing alone justifies a recovery by the plaintiff.

Appeal by the plaintiff, Charles N. Smith, from a judgment of the County Court of Montgomery county in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 10th day of December, 1894, upon the decision of the court reversing the judgment of a justice of the peace of the town of Minden, Montgomery county.

*G. E. Phillips* and *H. V. Borst*, for the appellant.

*L. M. Weller*, for the respondent.

Putnam, J.:

The action was brought to recover for the care and keeping of a horse at plaintiff's stable.   There was no conflicting evidence in regard to the facts establishing defendant's liability for the claim on which the action was brought.   The latter purchased the horse in question at an auction sale had by one Snell at the plaintiff's stable on January 6, 1894.   A few days afterwards, claiming a breach of warranty on the part of Snell, and a right to return the horse under the terms of sale announced by him at the auction, defendant took the horse to plaintiff's stable and left it with the hostler.   He did not notify plaintiff when he left the horse at the stable that he (defendant) did not expect to be liable for its board and keep, or that he was returning the horse to Snell at the stable

in pursuance of the terms of sale as announced at the auction. Plaintiff was not present at the auction sale, nor was it shown that he knew of the terms of sale, or that he had agreed, or was obligated, to receive any horses at his stable after the purchase by defendant from Snell. All that appeared, material to the issues in this case, from the evidence was that defendant took and left the horse at plaintiff's stable, and plaintiff furnished board and attendance and medical care for it. We think the evidence clearly sustains the judgment rendered in the Justice's Court.

The justice properly excluded evidence offered to show the terms of sale at the auction, it appearing that plaintiff was not present; also evidence tending to show breach of warranty by Snell, and that Snell had, in case of such a breach, agreed to take back the horse. Plaintiff was not responsible for Snell's warranties or contracts. There was no evidence given to show that plaintiff was legally bound to receive the horse at his stable for Snell, or that he was in any way a party to Snell's contracts to take back the horse if any such contract was made.

The judgment of the County Court should be reversed, with costs in this court and in the County Court, and the judgment of the Justice's Court affirmed.

STOVER and HERRICK, JJ., concurred.

Judgment of the County Court reversed. Judgment of the Justice's Court affirmed, with costs and disbursements in this court and in the County Court.